Dear Mr. Landry:
Your opinion request for an Attorney General's Opinion has been assigned to me for research and reply. You requested an opinion on behalf of the Iberia Parish School Board concerning whether a school board may increase or decrease compensation of the board members by a simple majority vote. Pursuant to La.R.S. 17:56, an increase in compensation must be approved by two-thirds of the total school board membership. Additionally, according to Article VI, § 12 and Article X, § 23 of the Louisiana Constitution of 1974 elected school board members shall not reduce their compensation during their current term, though they may vote for such a reduction for a future term.
The compensation of board members and executive committee members is governed by La.R.S. 17:56. It provides in pertinent part the following:
A. (1) Members of all parish and city school boards are authorized to receive compensation not to exceed fifty dollars per day for every meeting of the school board. School board members shall not be paid for more than one hundred forty-four days in any one year; provided that no member shall be compensated for more than twelve meetings per month, or, in lieu of such per diem, the school board may elect, by a vote of a majority of the elected members, to go on an expense allowance basis, in which event the maximum allowance shall be eight hundred dollars per month for each member of the school board and nine hundred dollars per month for the school board president. Additionally, members of all parish and city school boards are authorized to receive the same mileage allowance as provided to state elected officials going to and from the meetings for every meeting of the school board as well as reimbursement for travel and related expenses outside the school board's jurisdictional *Page 2 
boundaries on school board business. Mileage shall be charged for each day of attendance at each session of the school board. Prior to a meeting of the members of any school board at which the members vote on the method and amount of compensation or mileage to be paid such members, or to make any change therein, the school board shall advertise the time and place where the meeting is to be held in the official journal of the parish of the school board on at least two separate days during the fifteen days immediately preceding such meeting. Any increase in compensation shall be approved by a vote of two-thirds of the total membership of the school board.
 * * *
[emphasis added]
In our recent telephone conversation you indicated that the Iberia Parish School Board members began a new term in January of 2011 and are receiving compensation in accordance with La.R.S. 17:56. You further indicated that the school board wishes to increase compensation at some point during the term. Since the school board is already on the compensation system, it can increase compensation provided that two-thirds of the total school board membership approves the increase, and the board complies with the advertising requirements and monetary limitations set forth in La.R.S. 17:56.[1] Thus, an increase in compensation for the school board can be authorized during an ongoing board member term provided that the board implements the increase in accordance with the provisions outlined in La.R.S. 17:56 which includes compensation limits and approval by two-thirds vote of the total school board membership.
In determining whether a school board can reduce its compensation during the elected term we look to Article VI, § 12 and Article X, § 23 of the Louisiana Constitution of 1974 which prohibit the reduction of compensation of an elected official during the term for which he is elected.[2] In Attorney General Opinion No. 91-238, this office was asked by the Union Parish School Board whether elected school board members could vote to decrease their current salary. Under the factual scenario presented, members took office on January 1, 1991. In March, 1991, the school board voted to raise the members' salary. Several months later, the members wanted to return to the lower salary which existed at the beginning of their terms. Citing Article X, Section 23, this office opined that the members' compensation could not be reduced during their remaining terms. *Page 3 
As a result of the above, an elected school board is prohibited from reducing the current school board members' compensation during the current terms of incumbents. Consequently, a school board member's compensation may not be reduced during the term for which he or she is elected.[3] However, previously our office has opined that elected school board members may vote reduce compensation for a future term.[4]
In addition, individual members may voluntarily reduce their compensation by failing to cash their pay checks or by donating back to the school board all or part of their compensation.[5]
I hope the foregoing is sufficiently responsive to your concerns. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
MERIDITH J. TRAHANT
Assistant Attorney General
JDC/MJT/ard
[1] When a board makes an initial conversion from one system to another (i.e. expense allowance or per diem compensation) a simple majority vote will constitute a valid adoption. Atty. Gen. Ops. 79-1136 and 78-1638(A).
[2] Louisiana Constitution art. VI, § 12 provides in pertinent part, ". . . Compensation of a local official shall not be reduced during the term for which he is elected." Louisiana Constitution art. X, § 23 states as follows, "The compensation of an elected public official shall not be reduced during the term for which he is elected."
[3] Atty. Gen. Ops. 88-0255, 86-371, and 85-0738.
[4] Atty. Gen. Op. 88-0255, "Neither the Louisiana Constitution, Statutes, or jurisprudence prohibits such a practice."
[5] Atty. Gen. Op. 88-0255.